IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| D'SHAWN CASHER,<br>Institutional ID No. 01446998,<br>SID No. 7794444,<br><br>     Plaintiff,<br><br>v.<br><br>DENNIS MELTON, *et al.*,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>1:14-CV-00120-C<br><br><br><br>ECF |

## ORDER

Plaintiff, D'Shawn Casher, acting *pro se* and proceeding *in forma pauperis* under 28 U.S.C. § 1915, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Defendants Dennis Melton, Dr. Jessie Bhata Singh, and Victoria Simmons. Plaintiff alleges that the named Defendants, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment in June 2011 and June 2013 when he was incarcerated in the French Robertson Unit of the Texas Department of Criminal Justice, Correctional Institutions Division. He seeks declaratory and injunctive relief and monetary damages.

The complaint was transferred to the docket of the United States Magistrate Judge, who conducted an evidentiary hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), on February 12, 2015, and reviewed authenticated copies of Plaintiff's prison records.

Because Plaintiff did not consent to proceed before the United States Magistrate Judge, pursuant to this Court's Order dated August 28, 2014, the Magistrate Judge entered a Report and Recommendation and transferred the case back to this Court on March 19, 2015. As of this date, Plaintiff has failed to file a reply or objections to the Report and Recommendation.

This Court has made an independent examination of the record in this case and finds that the Magistrate Judge's findings and conclusions should be ADOPTED and Plaintiff's complaint should be dismissed with prejudice as frivolous.

It is, therefore, **ORDERED**:

(1) The instant civil rights complaint and all claims alleged therein are DISMISSED with prejudice as frivolous.

(2) Any pending motions are DENIED.

(3) The dismissal of Plaintiff's complaint does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner **shall be required to pay the full amount of a filing fee**.") (emphasis added); *Hatchet v. Nettles,* 201 F.3d 651, 654 (5th Cir. 2000) ("No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal.").

(4) Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $505.00 pursuant to the PLRA, and he must submit an application to proceed *in forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

Judgment shall be entered accordingly.

Dated June __2__, 2015.

SAM R. CUMMINGS
Senior United States District Judge

2